IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRENDA GETZ** and **DONALD GETZ**,

        Plaintiffs,

  v.

**DEPUY ORTHOPAEDICS INC., DEPUY INC., DEPUY INTERNATIONAL LIMITED, JOHNSON & JOHNSON, JOHNSON & JOHNSON SERVICES, INC.,** and **JOHNSON & JOHNSON INTERNATIONAL,**

        Defendants.

Civ. No. 6:22-cv-02007-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiffs Brenda and Donald Getz bring this personal injury action against Defendants Depuy Orthopaedics Inc., Depuy Inc., Depuy International Limited, Johnson & Johnson, Johnson & Johnson Services, Inc., and Johnson & Johnson International ("Defendants"), asserting claims of strict products liability, negligence, negligence *per se*, negligent misrepresentation, fraudulent concealment, breach of express and implied warranty, and loss of consortium. Pls.' Amend. Compl., ECF No. 24. On December 16, 2022, Plaintiffs moved for partial summary judgment (ECF No. 42) on Defendants' specific causation affirmative defenses, pursuant to Fed. R. Civ. P. 56(a). For the following reasons, Plaintiff's Motion is DENIED.

## BACKGROUND

    On June 29, 2009, Plaintiff Brenda Getz ("Ms. Getz") underwent a right hip replacement surgery at Albany General Hospital in Albany, Oregon. Pls.' Amend. Compl. ¶ 54. Ms. Getz's

1 – OPINION AND ORDER

surgeon, Dr. Stephan R. Newman, used a Depuy Pinnacle Acetabular Cup System ("Pinnacle Device"), made by Defendants, to replace Ms. Getz's hip joint. *Id*. Shortly after the surgery, Ms. Getz suffered "severe pain and discomfort, and difficulty walking." *Id.* at ¶ 55. Ms. Getz avers that her pain and injuries were "caused by the defective design, warnings, construction and unreasonably dangerous character of the Pinnacle Device that was implanted in her." *Id.* at ¶ 58.

Plaintiffs allege that between 2002 and 2011, Defendants received over 1,300 reports of complications associated with the Pinnacle Device but failed to recall the product or properly investigate the reports. *Id.* at ¶¶ 34, 37. The alleged symptoms of injured patients included: "pain, infection, inflammation, feeling as if hip is dislocating, heavy metal poisoning (metallosis) confirmed by blood tests resulting in eventual revision, ALVAL fluid (Aseptic Lymphocytic Vasculitis Associated Lesion) and necrotic tissue in and around the hip joint, catastrophic failure, premature wear, disarticulation, and disassembly." *Id.* at ¶ 34. Apparently, Defendants were aware from numerous reports that the Pinnacle Device had released metal particles in patients' nearby tissue, causing metallosis, growth of pseudotumors, "death of surrounding tissue and bone loss, and a lack of mobility." *Id.* at ¶¶ 38–39. Ms. Getz avers that "DePuy actively concealed the known defect from doctors and patients . . . and misrepresented that the Pinnacle Device was a safe and effective medical device." *Id.* at ¶ 40. Had Ms. Getz known of the "unreasonable" risk of injury purportedly caused by Defendants' product, she would never have elected to use the Pinnacle device. *Id.* at ¶¶ 56, 58.

Plaintiffs joined this multidistrict litigation ("MDL") suit against Defendants on October 26, 2011, filing in the United States District Court for the Northern District of Texas.[1] Pls.' Compl. ECF No. 1. On December 16, 2022, Plaintiffs filed the present Motion for Partial

---

[1] *See* MDL Case No. 3:11-md-02244-K.

2 – OPINION AND ORDER

Summary Judgment (ECF No. 42). On December 30, 2022, this case was transferred to the District of Oregon and the matter is now before this Court. *See* Transfer Order, ECF No. 59.

## STANDARD

"Federal Rule of Civil Procedure 56(a) expressly permits a party to move for summary judgment on a claim *or defense.* " *E.E.O.C. v. Fred Meyer Stores Inc.*, 954 F. Supp. 2d 1104, 1112 (D. Or. 2013) (referring to an affirmative defense) (internal quotations omitted) (emphasis in original). This Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could find in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.*

The Court reviews evidence and draws inferences in the light most favorable to the nonmoving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the nonmoving party must present "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient" to avoid summary judgment. *Liberty Lobby, Inc.*, 477 U.S. at 252. Uncorroborated allegations and "self-serving testimony" are also insufficient. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

## DISCUSSION

Plaintiffs seek summary judgment based on several different categories of Defendants' "affirmative defenses." These include (1) non-party affirmative defenses (labeled Category 1 Defenses); (2) case-specific medical causation affirmative defenses (Category 2A Defenses); (3) non-medical affirmative defenses (Category 2B Defenses); and (4) pled defenses that are not affirmative defenses (Category 3 Defenses). Pls.' Mot. 4–5. As to Defendants' apportionment, nonparty, and nonmedical defenses[2] (Categories 1 and 2B), Plaintiffs' motion for summary judgment is moot because Defendants no longer plan to assert these affirmative defenses at trial. *See* Defs.' Resp. Pls.' Mot. 1, 6, ECF No. 60.

With respect to the specific causation defenses (Category 2A), Plaintiffs argue that Defendants have "failed to plead any facts" or provide specific causation expert testimony that support these affirmative defenses, and therefore, there is no genuine issue of material fact as to the validity of these defenses. Pls.' Mot. 12–13. Defendants' "causation" defenses assert that any injuries that Ms. Getz suffered were caused by an "idiosyncratic or idiopathic reaction" to the Pinnacle device, by an unforeseeable or pre-existing condition, or by intervening and superseding circumstances.[3] *Id.* at 13. Plaintiffs seem unsure whether these are affirmative defenses, but nevertheless aver that "to any extent that these are affirmative defenses upon which Defendants bear the burden of proof, summary judgment is warranted[.]" Pls.' Mot. 13.

"[A]n affirmative defense . . . is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim

---

[2] These include nonparty fault or apportionment, comparative negligence, assumption of risk, product modification, mitigation of damages, settlement defenses, and collateral defenses. Defs.' Resp. 6; Third, Fourth, Fifth, Seventeenth, Eighteenth, and Twenty-Fourth Separate Defenses in Defs.' Answer 2, 4, 5, ECF Nos. 168, 169, 170, 173, 174, 177, Case No. 3:11-md-02244-K.

[3] *See* Eighth, Ninth and Tenth Separate Defenses in Defs.' Answer 3, ECF Nos. 168, 169, 170, 173, 174, 177, Case No. 3:11-md-02244-K.

4 – OPINION AND ORDER

are proven. It is a defense on which the defendant has the burden of proof." *Barnes v. AT & T Pension Ben. Plan*, 718 F. Supp. 2d 1167, 1173–1174 (N.D. Cal. 2010) (internal quotations and citations omitted.) Alternatively, "a defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Vasquez v. Leprino Foods Co.*, Case No. 1:17-cv-00796-AWI-BAM, 2021 WL 1737480, at *2 (E.D. Cal. May 3, 2021) (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). These defenses are "merely rebuttal against the evidence presented by the plaintiff." *Barnes*, 718 F. Supp. 2d at 1173. Courts describe such defenses as "denials or negative defenses." *Vasquez*, 2021 WL 1737480, at *2.

Here, Defendant's specific causation defenses are not affirmative defenses; rather, they are denials intended to negate the specific causation element in Plaintiffs' negligence and products liability claims. Unlike an affirmative defense, Defendants cannot win on these "causation" defenses if Plaintiffs prove every element of their claims. Plaintiffs carry the burden to establish that the Pinnacle device actually and proximately caused Ms. Getz's injuries. By submitting evidence at trial to show alternative theories of causation, Defendants merely seek to rebut Plaintiffs' claim that Defendants are responsible for Ms. Getz's injuries. This does not impose upon Defendants a burden to prove a negative averment at the summary judgment stage. The element of causation is an issue of fact for the jury and therefore, summary judgment on Defendant's causation defenses is inappropriate.

Finally, Plaintiffs seek summary judgment on Defendants' remaining "affirmative" defenses (Category 3 Defenses), which Plaintiffs admit are not affirmative defenses at all. Pls.' Mot. 17. These include Defendants' assertions that claims for punitive damages or exemplary damages are unconstitutional, and that Defendants are entitled to protections under federal and

5 – OPINION AND ORDER

state law.⁴ Pls.' Mot. 5, 6, 7, 17. Again, Plaintiffs are not entitled to summary judgment on Defendants' denials and non-affirmative defenses, which Defendants have no burden to prove at trial. *See Cejka v. Vectus Sys. Corp.*, No. 15–cv–02418–MEH, 2018 WL 1005859 at *2 (D. Colo. Feb. 21, 2018) (finding that non-affirmative defenses "are simply denials that may be raised if and/or when appropriate under the circumstances, including at trial," and therefore, summary judgment is improper.)

## **CONCLUSION**

The Court finds that Defendants do not assert any affirmative defenses that would render summary judgment appropriate. Plaintiff's Motion for Partial Summary Judgment (ECF No. 42) is DENIED.

IT IS SO ORDERED.

DATED this <u>24th</u> day of March, 2023.

   /s/Michael J. McShane   
**Michael J. McShane**
**United States District Judge**

---

⁴ See Separate Defenses 26–30, Defs.' Answer 5–7, ECF Nos. 168, 169, 170, 173, 174, 177, Case No. 3:11-md-02244-K.

6 – OPINION AND ORDER